UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.  C05-5339RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for March 10, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been briefed by the parties.  The undersigned now submits the following report, recommending that the Court affirm the administrative decision to deny plaintiff social security benefits.

**INTRODUCTION**

Plaintiff, Heather Cooper, was born in 1960, she 44 was years old at the time of the administrative hearing, weighs approximately 300 pounds and is 5'8" tall. She completed high school in 1978 and has worked for 18 years as a cook. Plaintiff last worked as a restaurant cook in 1997. Tr. 35.

Plaintiff originally filed an application for disability benefits on April 27, 1999, due to bilaterlal carpal tunnel syndrome, arthritis, and depression. Tr. 70.  The application was denied following a hearing and decision by an administrative law judge (ALJ), who concluded Ms. Cooper retained the ability to

1 perform other work in the national economy. Tr. 69-77.  Ms. Cooper did not appeal or seek review of
2 that ALJ's decision.

3 Plaintiff filed a second application for disability insurance benefits on July 23, 2002. She alleged
4 disability since March 31, 2001, due to depression and anxiety, bilateral knee arthritis, obesity and carpal
5 tunnel syndrome. Tr. 109-111, 122.  Her date last insured is June 30, 2003. Tr. 20.  After the application
6 was denied initially and upon reconsideration, plaintiff requested an ALJ hearing. Tr. 88-97.  On November
7 27, 2004, the ALJ issued a decision which provides that plaintiff can perform modified sedentary work and
8 can work at two jobs identified by the vocational expert. Tr. 20-30. After the Appeals Council declined
9 review, the ALJ's decision became the administrations' final decision.

10 Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as
11 amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's March 31,
12 2001 application for disability benefits.   Specifically, plaintiff raises the following six arguments in support
13 of her challenge of the ALJ's decision: (1) that the ALJ erred by finding her hand impairment "not severe";
14 (2) that the ALJ did not properly assess her mental impairments; (3) that the ALJ improperly rejected Dr.
15 Holder's opinions; (4) that the ALJ improperly rejected her testimony; (5) that the ALJ's residual
16 functional capacity assessment was deficient; and (6) that the ALJ improperly relied on the vocational
17 expert's testimony.

18 **DISCUSSION**

19 The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the
20 decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th
21 Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant
22 evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
23 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
24 but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
25 Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
26 interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579
27 (9th Cir. 1984).
28 **A. The ALJ Properly Weighed Ms. Cooper's Credibility**

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints.  Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible.  After reviewing the record, the court finds that the ALJ properly weighed plaintiff's credibility.  After summarizing and discussing plaintiff's medical complaints and history, the ALJ discussed Ms. Cooper's credibility and testimony, stating:

> I have considered all of the circumstances under which the claimant has testified; the extent to which she is contradicted or corroborated by other credible evidence; her prior work record; the nature of her symptoms and medical treatment; medical reports; her daily activities; and any other factors concerning the claimant's functional limitation and restrictions (20 C.F. R. §404.1529 and SSR 96-7p).  Here, the claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of information contained in the medical reports and elsewhere in the record.

Tr. 22.

Substantial evidence referenced by the ALJ in his opinion supports the decision to discredit Ms. Cooper's allegations of total disability.  For example, the ALJ noted the physical capacity assessment of limited manual dexterity done in April 2001,  but did not accord it significant weight because the record shows that Plaintiff was able to drive herself to computer school, 5 days per week, to attend and participate in computer classes (which could reasonably be presumed to include significant computer use) 5 hours per day, for 6 or 7 months, and to also perform other activities of daily living that require good manual dexterity, including cooking, laundry, taking her son to sporting events, chopping wood, and shopping (Tr. 23).  Specific medical evidence (discussed more fully below) supports the ALJ's conclusions that Ms. Cooper is not unable to perform all work, including the reports and opinions of doctors Iverson, Murphy,

REPORT AND RECOMMENDATION
Page - 3

1  Bloombarden, and Ferman.

2  **B. The ALJ Properly Weighed The Medical Evidence**

3  The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion. Here, plaintiff contends the ALJ erroneously considered the medial evidence, particularly the severity of Ms. Cooper's carpal tunnel or ulnar nerve condition and the opinions of Dr. Tatyrek and Dr. Holder.

The ALJ's opinion carefully reviews plaintiff's medical history. The ALJ placed great weight on the opinion of Dr. Murphy, stating:

> In August 2001, Dr. Murphy opined that the claimant had improved in her pain management program, and she could return to work at the medium level. He noted a lack of objective findings with respect to the claimant's carpal tunnel syndrome. Following these assessments, Dr. Murphy after reviewing job descriptions, opined that the claimant could work as a receptionist, studio photographer, customer service representative, telemarketer, and hotel/motel clerk (exhibit B-3F: 1-5, 18-19). This opinion was based on careful and thorough examination fo the claimant, and it supports a finding that she can perform a number of jobs.

Tr. 23-24. The ALJ noted that Dr. Iverson agreed with the opinions of Dr. Murphy. Tr. 23. With further regard to Ms. Cooper's physical impairments, the ALJ also noted Dr. Ferman's examination fo October 14, 2002, concluding that Dr. Ferman's report suggests that plaintiff has no significant problems other than those imposed by her obesity. Tr. 24.

Plaintiff argues the ALJ erred by not finding that Ms. Cooper's carpal tunnel syndrome was not a "severe" impairment. Step-two of the administration's evaluation process requires the ALJ to determine

REPORT AND RECOMMENDATION
Page - 4

whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, the ALJ found that plaintiff's carpal tunnel syndrome was not a severe impairment. Tr. 21, 25. He stated, "[T]he claimant's history of carpal tunnel symptoms is patent, bur her prior surgery in the remote past was apparently very successful. I do not credit her alleged hand limitations. The medical reports reviewed above do not show any significant carpal tunnel problems; there are no objective findings subsequent to the claimant's past carpal tunnel releases (exhibits 3F:1-2, 7-9, 11, 25; 5F:2). I find that this is not a severe impairment, but the claimant's history of carpal tunnel complaints is given some consideration." Tr. 25. The court finds the ALJ's decision regarding the severity of plaintiff's carpal tunnel syndrom properly supported by the opinions of Dr. Murphy, who, as noted above, the ALJ relies on to support his findings regarding plaintiff's physical impairments. Dr. Murphy found a lack of objective medical evidence to warrant an impairment due to carpal tunnel syndrome. Tr. 223. Nonetheless, the ALJ, in the interest of fully developing the record, included limitations when he assessed plaintiff's ability to do other work in the national economy (see discussion below regarding the ALJ's analysis at step-five).

With respect to Ms. Cooper's alleged mental impairments, the ALJ relied heavily on the opinion of Dr. Bloombarden, who assessed a GAF of 75/65 and who concluded that the claimant had no significant psychological limitations (exhibit B-4F:4-5). Tr. 24.

After reviewing the record, this court finds the ALJ's decision is properly supported by evidence in

the record and free of legal error. The record in this case contains several medical opinions that vary to differing degrees. For example, the opinions of Dr. Holder and Dr. Bloombarden both address plaintiff's mental or psychological limitations. As noted above the ALJ chose to rely on Dr. Bloombarden. Discussing the opinion of Dr. Holder, the ALJ noted that Dr. Holder concluded that plaintiff's mental impairments (Dr. Holder diagnosed a depressive disorder and a mild premenstrual dysphoric disorder, and a GAF at 50) were not disabling, but when combined with her physical impairments Dr. Holder thought plaintiff was disabled. Tr. 23. The ALJ discredited Dr. Holder's conclusion based on the inconsistency with the other medical opinions. The ALJ also reviewed the opinion provided by Dr. Tatyrek, also a psychologist (who diagnosed a pain disorder, anxiety and depression), but found that it lacked any specific finding of limitations caused by plaintiff's diagnosed mental impairments. As noted above the ALJ is given the duty to resolve conflicts in the medical record and to determine the ultimate issue of disability. The ALJ's review of the medical evidence is supported by substantial evidence in the record.

**C.    The ALJ Properly Assessed Plaintiff's RFC and Concluded She Is Capable Of Performing Work**

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past. 20 C.F.R. § 404.1520(e).

At step-five the Commissioner bears the burden to produce evidence of other jobs existing in significant numbers in the national economy that plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

In this case, the ALJ concluded that plaintiff has the RFC to "lift 20 pounds occasionally and up to 10 pounds frequently. She could sit 6 hours in an 8-hour workday and stand/walk about 2 hours in a workday. She could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She could not climb ropes, ladders, and scaffolds. The claimant could perform simple instruction and tasks,

REPORT AND RECOMMENDATION
Page - 6

1 and should have only superficial structured public interaction." Tr. 29.  The ALJ found plaintiff was not
2 able to perform her past relevant work as a cook, but that she could work as a cashier or surveillance
3 monitor.  Tr. 29.

4     Plaintiff argues that the ALJ's RFC assessment was made in error and that the ALJ failed to meet
5 his burden at step-five because the hypothetical posed to the vocational expert did not include all of
6 plaintiff's limitations.  Plaintiff's argument is based on the allegation that the ALJ failed to properly take
7 into account her subjective complaints and the medical evidence.  As explained above, the ALJ did not err
8 in his analysis of Ms. Cooper's testimony or the medical evidence. The ALJ is not obligated to accept all of
9 a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence.
10 Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).  The ALJ's RFC is properly reflected in the
11 opinion evidence he found persuasive.  Moreover, the hypothetical posed to the Vocational Expert at the
12 administrative hearing included the limitations the ALJ found credible, and thus, the ALJ properly relied on
13 the Vocational Expert's testimony and finding that Ms. Cooper was capable of working as a cashier or
14 surveillance monitor.

15     Finally, although the ALJ did not find plaintiff's carpal tunnel syndrome a severe impairment, the
16 ALJ, giving any benefit of doubt to the plaintiff and fulfilling his desire to make a complete record, asked
17 the Vocational Expert to include limitations related to such an impairment.  Specifically, the ALJ asked the
18 expert whether including limitations regarding frequent handling and fingering, affected his evaluation.  The
19 vocational expert explained that those additional restrictions would not prevent a person from performing
20 the jobs of a cashier or surveillance monitor.  Tr. 27-28.

## CONCLUSION

22     The ALJ's decision is supported by substantial evidence in the record.  Therefore, the Court should
23 AFFIRM the administrative decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal
24 Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written
25 objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for
26 purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
27 72(b), the clerk is directed to set the matter for consideration on **March 10, 2006**, as noted in the caption.
28     DATED this 17th day of February, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge