UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER COOPER,<br><br>    Plaintiff,<br><br> v.<br><br>JOANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | Case No.  C05-5339RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court for consideration of Magistrate Judge J. Kelley Arnold's Report and Recommendation. Dkt. 17. The Court has considered the Report and Recommendation, Plaintiff's Objections to the Report and Recommendation, and Defendant's Response to the Plaintiff's Objections. Dkts. 17-19.

## I.  FACTS

  Plaintiff, born in 1960, weighs approximately 300 pounds and is 5'8" tall. Dkt. 17. She brings this matter pursuant to the Social Security Act, 42 U.S.C. § 205(g), in order to obtain judicial review of the decision to deny her Social Security disability benefits. Dkt.1. Plaintiff alleges disability due to depression, anxiety, bilateral knee arthritis, obesity, and carpal tunnel syndrome. Tr. 109-111, 122; Dkt. 13.

  On February 17, 2006, Magistrate Judge J. Kelley Arnold issued a report which recommended that this Court affirm the administrative decision to deny Plaintiff disability benefits. Dkt. 17. Plaintiff filed objections to the Report and Recommendations. Dkt. 18. She argues that the ALJ erred by 1) finding that

ORDER
Page - 1

her hand impairment was not severe, 2) failing to comply with 20 C.F.R. § 404.1520a when evaluating the severity of her mental impairments, 3) rejecting the opinions of Dr. Holder, a treating physician, 4) rejecting Plaintiff's testimony, 5) failing to evaluate Plaintiff's ability to sustain work activities on a regular and continuing basis, and 6) relying on the vocational expert's testimony. *Id.* Defendant responds by arguing that Plaintiff has presented no new arguments in her objections, and that the Commissioner's decision should be affirmed. Dkt. 19. This Opinion will address Plaintiff's first three objections in Section II. A. "Assessment of Medical Evidence," her fourth objection in Section II.B. "Credibility Assessment" and her fifth and sixth objections in Section II. C. "Residual Functional Capacity Assessment and Testimony of the Vocational Expert."

## II.  DISCUSSION

### A.  ASSESSMENT OF MEDICAL EVIDENCE

The ALJ properly weighed the medical evidence in the record. The Report and Recommendation provides the applicable law regarding assessment of medical evidence in Social Security disability cases, and shall not be repeated here. This Opinion will however, address Plaintiff's objections regarding the ALJ's assessment of the medical evidence.

Plaintiff argues the ALJ improperly assessed the severity of her carpal tunnel syndrome. Dkt. 18. Plaintiff points to portions of the medical record where her carpal tunnel was mentioned. *Id.* She argues that this evidence establishes that her carpal tunnel syndrome is more than a slight abnormality. Dkt. 18. As explained in the Report and Recommendation, the ALJ properly supported his decision regarding Plaintiff's carpal tunnel syndrome. The ALJ need not discuss all evidence presented. <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Moreover, diagnosis of an impairment in the medical record does not necessarily make the impairment a severe disability. The claimant has the burden not only to show that her impairment is severe, but that it impacts her ability to do basic work activities. <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1159-60 (9th Cir. 2001). Plaintiff has failed to do so.

Plaintiff argues the ALJ failed to comply with 20 C.F.R. § 404.1520a(e)(2), because he did not include a special functional assessment based on her diagnosis of depression and a pain disorder. Dkt. 18, at 2. In evaluating a claimant's mental impairment, the Commissioner is required to fill out a standard

ORDER
Page - 2

document which rates the degree of functional limitations, if any, resulting from that mental impairment and the severity of the impairment. 20 C.F.R. § 404.1520a(c)-(e). An ALJ must then "incorporate the pertinent findings and conclusions based on the technique." 20 C.F.R. § 404.1520a(e)(2). The record contains a special technique form, dated October 24, 2002, which evaluates Plaintiff's mental impairment of depression and substance abuse (in remission). Tr. 265-282. The ALJ properly incorporated the findings and conclusions from this standard document in his decision. Tr. 26. The ALJ then found that Plaintiff "could perform simple instructions and tasks, and should have only superficial structured public interaction," in his assessment of her residual functional capacity. Tr. 29. Additionally, Plaintiff argues the ALJ improperly rejected Dr. Ray Tatyrek's diagnosis of a pain disorder. Dkt. 18, at 2. However, the ALJ's decision notes that Dr. Tatyrek "did not assess any limitations," but does not specifically reject his opinion. Tr. 23. Moreover, as fully explained below, the ALJ properly assessed Plaintiff's credibility, and accordingly evaluated her complaints of pain. The ALJ properly complied with the requirements of 20 C.F.R. § 404.1520a(e)(2).

      Plaintiff objects to the Report and Recommendation by stating that the ALJ erred by rejecting the opinions of Dr. Curtis Holder, a treating physician. Dkt. 18, at 3. Plaintiff first argues that the ALJ failed to provide "clear and convincing" or "specific and legitimate" reasons for rejecting the May 2001 medical opinion of Dr. Holder. Dkt. 18, at 3. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). When there is a conflict between the opinions of a treating physician and an examining physician "the ALJ may disregard the opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (quoting Lester v. Charter, 81 F.3d 821, 830 (9th Cir. 1995)). In May of 2001, Dr. Holder opined that although Plaintiff's mental impairments were not disabling, the combination of her impairments resulted in disability. Tr. 207. Here, the ALJ's reasons for rejecting Dr. Holder's opinion were: 1) "the comments of disability are not a formal medical opinion," 2) the term "disability" was not defined and used loosely, and 3) the opinion was not consistent with Dr. Holder's more recent opinions. Tr. 23. The ALJ properly rejected Dr. Holder's May 2001 opinion. "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on

an ALJ with respect to the existence of an impairment or the ultimate determination of disability." Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001), Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Plaintiff argues that ALJ should have recontacted Dr. Holder for clarification, if the ALJ thought Dr. Holder's opinion of 2001 was inconsistent with later opinions. Dkt. 18, at 3.  However, Plaintiff has the burden to prove she is disabled. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination." *Id.* (*citing* 20 C.F.R. §§ 404.1512(e), 416.912(e)). The ALJ addressed the circumstances in which he had a duty to recontact physicians, and properly determined that he did not have a duty to recontact Dr. Holder. Tr. 23. The ALJ properly rejected Dr. Holder's May 2001 opinion.

**B.     CREDIBILITY ASSESSMENT**

Plaintiff argues the ALJ improperly assessed her credibility. Dkt. 18, at 4. As explained in the Report and Recommendation, the ALJ gave clear and convincing reasons, supported by substantial evidence in the record, to find Plaintiff's testimony not credible. Where, as here, the ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). That some of the reasons for discrediting a claimant's testimony should be properly discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff's blanket statement that the Report and Recommendation did not address arguments in her brief is insufficient. The Report and Recommendation properly addresses the ALJ's treatment of Plaintiff's daily activities, specific medical records, and other evidence in assessing Plaintiff's credibility. The ALJ's credibility assessment should be upheld.

**C.     RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT and TESTIMONY OF THE VOCATIONAL EXPERT**

Plaintiff argues the ALJ improperly assessed her residual functional capacity. Dkt. 18, at 5. Plaintiff argues the ALJ erred in failing to evaluate her ability to sustain work on a regular and continuing basis in assessing her residual functional capacity. *Id.* After reviewing the medical evidence and discounting Plaintiff's credibility, the ALJ found that Plaintiff could sit six hours in an eight hour workday and stand/walk about two hours in a work day. Tr. 29. The ALJ discussed the evidence in the record

1  regarding Plaintiff's ability to work on a sustained basis and made a determination accordingly. Tr. 26.
2  Plaintiff next argues the ALJ failed to assess the effects of her obesity. Dkt. 18, at 6. ALJs must consider
3  the combined effect of obesity in combination with other impairments when determining a claimants ability
4  to work. *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003)(holding failure to consider, even implicitly,
5  claimant's obesity reversible error). Here, the ALJ did consider the effects of Plaintiff's obesity in
6  assessing her residual functional capacity. Tr. 26-28.

7  Plaintiff's last objection is that the vocational expert's testimony was based upon a deficient
8  hypothetical. Dkt. 18, at 6. Plaintiff alleges that the hypothetical was deficient because it failed to
9  reference all Plaintiff's limitations. As properly stated in the Report and Recommendation, the ALJ did not
10 err in his analysis of her credibility or the medical evidence. The ALJ's hypothetical accurately reflected
11 the evidence he found persuasive regarding Plaintiff's limitations. As a result, the ALJ was entitled to rely
12 on the vocational expert's opinion.

### III. ORDER

Therefore, it is hereby,

**ORDERED** that the Report and Recommendation (Dkt.17) is **ADOPTED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record, Magistrate Judge J. Kelley Arnold, and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of March, 2006.

Robert J. Bryan
United States District Judge